(No. 27094.—

The Boatmen's National Bank of St. Louis, Petitioner, *vs.* Edward J. Hughes, Secretary of State, *et al.*, Respondents.

*Opinion filed January 18, 1944—Rehearing denied March 16, 1944.*

432

CHARLES CLAFLIN ALLEN, JR., LEHMANN & ALLEN, all of St. Louis, Mo., and BROWN, HAY & STEPHENS, (ROBERT A. STEPHENS, JR., of counsel,) all of Springfield, for petitioner.

GEORGE F. BARRETT, Attorney General, (JOHN F. SPIVEY, of counsel,) for respondents.

CONCANNON, DILLON, SNOOK & ARTHUR, of Chicago, for Illinois Bankers Association, *amicus curiae*.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an original proceeding in *mandamus* brought by the Boatmen's National Bank of St. Louis against the State Auditor and the Secretary of State seeking to compel the acceptance of petitioner's application for and the issuance of a certificate permitting it to do a trust business in Illinois. The prayer for the writ is in the alternative: first, to compel the Auditor to receive and examine the application of petitioner for a certificate permitting the doing of a trust business, and second, if the court is of the opinion that a certificate to the petitioner to do business in Illinois be first obtained from the Secretary of State, that the Secretary of State be compelled to grant such a certificate.

There are certain pertinent sections of the State and Federal statutes upon which the petitioner relies and which are involved for decision.

It is provided in section 1 of the Illinois Trust Companies Act (Ill. Rev. Stat. 1941, chap. 32, par. 287,) "that

any corporation which has or shall be incorporated under the general incorporation laws of this state * * * and any corporation now or hereafter authorized by law to accept or execute trusts" may qualify with the Auditor of Public Accounts to do a trust business in Illinois upon meeting certain requirements of deposit and supervision.

It is urged that the petitioner comes within the last portion of that section in that it is a corporation now authorized by law to accept or execute trusts by reason of section 11(k) of the Federal Reserve Act. (U. S. C. A., title 12, par. 248(k).) This section of the Federal Reserve Act provides that a national bank can be given the power to act in any fiduciary capacity "in which state banks, trust companies, or other corporations which come into competition with national banks, are permitted to act under the laws of the state in which the national bank is located." It is contended by the respondents that section 1 of the Illinois Trust Companies Act applies only to corporations authorized to do business in the State of Illinois and that before a petitioner is entitled to qualify under the Trust Companies Act, it must first qualify with the Secretary of State as a foreign corporation authorized to do business in Illinois under the Business Corporation Act.

Petitioner attempted to qualify as a foreign corporation to do business in Illinois by filing the required application with the Secretary of State, but the Secretary of State denied the petitioner's application on the ground that the corporate title of the petitioner included the word "Bank" and, under the Business Corporation Act, the Secretary of State could not issue a certificate to such a corporation, since section 104 of the Business Corporation Act (Ill. Rev. Stat. 1941, chap. 32, par. 157.104,) provides, "No certificate of authority shall be issued to a foreign corporation * * * (b) which has as a part of its name any word or phrase which indicates or implies that it is authorized or empowered to conduct the business of bank-

ing, insurance, assurance, benefit, indemnity, or the acceptance of saving deposits."

It readily appears that if said section is controlling, the petitioner will not be permitted to do business in Illinois, being unable to comply with the requirements of the Secretary of State, in that its corporate name includes the word "Bank" and in addition thereto, the corporate name does not include the word "Trust" as required by section 9 of the Business Corporation Act. Ill. Rev. Stat. 1941, chap. 32, par. 157.9.

It is conceded by the parties that neither the Supreme Court of the United States, the Illinois Supreme Court, nor any other State Supreme Court has ever passed upon the question involved in the case at bar. All the cases seem to involve the right of a national bank to do a trust business in the State of its domicile and do not involve the right of a national bank to do a trust business in a State foreign to the State of the national bank's domicile.

Originally neither State banks nor national banks could engage in a trust business. Eventually State banks were permitted to do so, but national banks were not permitted to do so. Under the guise of meeting competition, Congress passed section 11(k) of the Federal Reserve Act, and from this section it appears that the right of a national bank to do a trust business is not an absolute right but depends upon the obtaining of permission from the Federal Reserve Board. A reading of section 11(k) will show that it provides for the granting of special permits to national banks who apply therefor, granting the right to act in any fiduciary capacity in which State banks, trust companies or other corporations who come in competition with national banks are permitted to act, "under the laws of the state in which the national bank is located." The respondents contend that this section of the statute means that a national bank may secure a permit to do a trust business where it is located if it is not in contravention of

the State or local law where it is located, or when it, the national bank, is in competition where it is located with State banks, trust companies or other corporations, when such State banks, trust companies or corporations are given the power to so act by the law where the national bank is located. It is also urged that the latter portion of the section provides that the Board of Governors of the Federal Reserve System may take into consideration, before granting permission, "the needs of the community to be served," which indicates the trust powers to be exercised by national banks are to be exercised only in the State where they are located.

From a reading of section 11(k) of the Federal Reserve Act, it appears that the scope of the bank's trust activities seems to be limited to the locality in which the bank is authorized to do business.

That section has been held by the Supreme Court of the United States to be constitutional and has been held to supersede all State laws and to require that national banks be given the right to qualify as a fiduciary when not in contravention of State or local law, under such rules and regulations as the Federal Reserve Board may prescribe. *First Nat. Bank* v. *Fellows ex rel. Union Trust Co.* 244 U. S. 416, and *Missouri ex rel. Burnes Nat. Bank* v. *Duncan,* 265 U. S. 17.

Without considering the objection of the Attorney General that the petitioner must first qualify as a foreign corporation to do business in this State under the Business Corporation Act before it can be authorized to transact a trust business in Illinois, we think there is a more serious obstacle in the way of granting relief under this petition.

In the application to the Auditor of Public Accounts for a certificate of authority to act as a fiduciary in the State of Illinois under the Trust Companies Act, the following statement appears: "If the undersigned is permitted to qualify to act as a fiduciary in Illinois, our office

in that State will be in the city of Springfield, county of Sangamon." The general Banking Act of Illinois (Ill. Rev. Stat. 1941, chap. 16½, par. 9,) provides as follows: "and no bank shall establish or maintain in this or any other state or country any branch bank, nor shall it establish or maintain in this state any branch office or additional office or agency for the purpose of conducting any of its business."

In *Watt* v. *Cecil,* 368 Ill. 510, we held that "conferring authority upon banks to accept and execute trusts manifestly pertains to the functions of banking as much so as the powers to discount, receive deposits and loan money." *First Nat. Bank* v. *Fellows,* 244 U. S. 416.

We believe the provisions of said section 9 of the Banking Act clearly prohibit the maintaining of a branch or of an additional office in Illinois.

The establishment of branch banks has twice received the disapproval of the voters of this State by State-wide referendums. No foreign bank, either State or national, is entitled to open a branch bank or an additional office in the State of Illinois, and, therefore, the petitioner is not being discriminated against by a refusal to issue the certificate requested.

Neither do we believe that the laws of the United States authorize the establishment of a branch or additional office in Illinois to any national bank domiciled in the city of St. Louis. Section 36(c), (12 U. S. C. A.) expressly prohibits the opening of any branch or additional office in any State other than that of its domicile. This principle of law is confirmed by the decision in the case of *First Nat. Bank in St. Louis* v. *Missouri,* 263 U. S. 640, 68 L. ed. 486. We believe that it is the plain intention of section 11(k) of the Federal Reserve Act to place a national bank on an equal competitive basis with State banks and trust companies of the State in which the national bank is situated, and, therefore, a national bank in Missouri is only given

that power which competing Missouri State banks and trust companies have under the Missouri law. Section 9 of the Illinois Banking Act prohibits State banks from Missouri or any other State from having an office in Illinois, and to grant the certificate requested to the petitioner would be giving to the national bank rights which the State banks and trust companies do not possess. That plan would go much farther than is intended or authorized by the said section 11(k).

Because of the views herein expressed, the writ of *mandamus* is hereby denied.
*Writ denied.*