81 So.2d 610

Ellen Gregg INGALLS

v.

Robert I. INGALLS, Jr., Co-Trustee et al.

6 Div. 554.

Supreme Court of Alabama.

June 30. 1955.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

Spain, Gillon, Grooms & Young, Birmingham, for appellees.

Bainbridge & Mims, Birmingham, for guardian ad litem.

LIVINGSTON, Chief Justice.

This is an appeal from a decree of the Circuit Court of Jefferson County, in Equity. The decree adjudged that the Birmingham Trust National Bank, a national banking corporation, with its situs in Birmingham, Alabama, was effectively removed as co-trustee of a trust designated as Ingalls Trust "B" by action of the sole remaining individual trustee, Robert I. Ingalls, Jr., and further adjudging that the appointment by Robert I. Ingalls, Jr., under said trust indenture, of the Hamilton National Bank of Knoxville, Tennessee, as co-trustee, was proper, valid and legal, and confirming the appointment of the said Hamilton National Bank of Knoxville, Tennessee, as co-trustee.

The question involved is whether the Hamilton National Bank of Knoxville, Tennessee, a national bank organized and chartered pursuant to the Act of Congress of the United States, and having authority under its charter to engage in the business of a national bank, with its place of business in Knoxville, Tennessee, and not within the State of Alabama, has authority under Federal law or under the laws of Alabama to engage in the administration of a trust, the corpus of which has its situs in the State of Alabama.

This particluar proceeding was instituted in the main cause of Robert I. Ingalls, Jr., as co-trustee of the estate of Elesbeth Ridgely Ingalls and Barbara Gregg Ingalls, both minors, as complainants against the First National Bank of Birmingham as co-trustee of said minors, and was precipitated by a petition of the Birmingham Trust National Bank of Birmingham, Alabama, seeking to determine whether said bank was effectively removed as co-trustee under Trust "B" by a letter dated August 14, 1952, from Robert I. Ingalls, Jr. (individual co-trustee under said trust) purporting to remove said bank as trustee, and also purporting to appoint the Hamilton National Bank of Knoxville, Tennessee, as co-trustee in lieu of the said Birmingham Trust National Bank.

The trust in question was created by Robert I. Ingalls, Sr., for the benefit of his grandchildren. The trust instrument named Robert I. Ingalls, Jr., as an individual trustee, and provided for a corporate trustee. The trust instrument further provided that the individual trustee was empowered to remove the corporate trustee and appoint another corporate trustee.

In 1950, Robert I. Ingalls, Jr., removed the First National Bank of Birmingham as co-trustee and appointed the Birmingham Trust National Bank as co-trustee.

In August 1952, Robert I. Ingalls, Jr., notified the Birmingham Trust National Bank that said bank was removed as co-trustee, and that the Hamilton National Bank of Knoxville, Tennessee, was appointed a corporate trustee, whereupon the Birmingham Trust National Bank petitioned the circuit court to determine whether the petitioner had been legally removed as trustee.

The sole question presented to this court is whether or not a national bank domiciled in another state may act as trustee of a trust where all the trust property is located in Alabama.

National banks are created under the National Banking Act which is set forth in Chapter 2, §§ 21 to 213, Tit. 12 U.S.C.A. Section 24, which prescribes the powers of national banks, does not include any authority to act in a fiduciary capacity. The Federal Reserve Act, as amended in 1918, § 11(k), now section 248(k), Tit. 12 U.S.C.A., conferred upon the Board of Governors of the Federal Reserve System the power and authority to grant by special permit to national banks the authority to act in fiduciary capacities when not in contravention of state law.

In discussing this section of the U. S. Code, the Supreme Court of the United

States, in the case of Missouri ex rel, Burnes National Bank v. Duncan, 265 U.S. 17, 44 S.Ct. 427, 68 L.Ed. 881, said that where state laws permit trust companies which compete with national banks to exercise fiduciary powers, the national banks in those states may exercise equal fiduciary powers.

National banks are subject to the laws of a state in respect to their affairs unless such laws interfere with the purpose of their creation, tend to impair or destroy their efficiency as Federal agencies, or conflict with the paramount laws of the United States. First National Bank in St. Louis v. State of Missouri, 263 U.S. 640, 44 S.Ct. 213, 68 L.Ed. 486.

The case of Boatmen's National Bank of St. Louis v. Hughes, 385 Ill. 431, 53 N.E.2d 403, 405, 153 A.L.R. 402, was before the Illinois Supreme Court in a mandamus proceedings brought by a national bank in Missouri to compel the State Auditor and Secretary of State of Illinois to accept the bank's application for the issuance of a certificate permitting it to establish a branch to do a trust business in Illinois. An Illinois statute prohibited the establishment of any branch bank or additional office by any bank in Illinois. In denying the writ of mandamus, the court said:

"* * * We believe that it is the plain intention of section 11(k) of the Federal Reserve Act to place a national bank on an equal competitive basis with State banks and trust companies of the State in which the national bank is situated, and therefore, a national bank in Missouri is only given that power which competing Missouri State banks and trust companies have under the Missouri law. * * *"

In Hubbell v. First National Bank of Elgin, Illinois, 1953, 57 N.M. 649, 261 P.2d 833, 836, the Supreme Court of New Mexico held a national bank domiciled in Illinois to be authorized to act in a fiduciary capacity as ancillary administrator of an estate located in New Mexico. The Supreme Court of New Mexico there said:

"Counsel are in agreement up to a certain point: The measure of the powers of a national bank is the National Banking Act, and powers not conferred by Congress are denied. Texas & Pacific Ry. Co. v. Pottorff, 1934, 291 U.S. 245, 54 S.Ct. 416, 78 L.Ed. 777. The National Banking Law as originally passed gave no authority to act in a fiduciary capacity. From a competitive standpoint, this was a severe handicap to a national bank domiciled in a state permitting state banks to act in such capacity. Therefore, in 1913, Congress enacted paragraph 11(k) of the Federal Reserve Act, 12 U.S.C.A. § 248(k), as amended in 1918 in the light of actual experience, which reads in part as follows:

" 'The Board of Governors of the Federal Reserve System shall be authorized and empowered:

\* \* \* \* \* \*

" 'To grant by special permit to national banks applying therefor, when not in contravention of State or local law, the right to act as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics, or in any other fiduciary capacity in which State banks, trust companies, or other corporations which come into competition with national banks are permitted to act under the laws of the State in which the national bank is located.

" 'Whenever the laws of such State authorized or permit the exercise of any or all of the foregoing powers by State banks, trust companies, or other corporations which compete with national banks, the granting to and the exercise of such powers by national banks shall not be deemed to be in contravention of State or local law within the meaning of this chapter.'

"Basically, the contentions of the parties are: Appellants contend that no language in this Act specifically au-

thorizes a national bank to act outside the state of its domicile, and being a creature of statute, it cannot act beyond its express authorization. Appellee contends that the National Banking Act originally conferred, 'such incidental powers as shall be necessary to carry on the business of banking', 12 U.S.C.A. § 24, par. 7, and that the 1918 amendment simply made the exercise of fiduciary powers on the part of a national bank a part of the national bank's 'business of banking,' thus adding to the fiduciary powers conferred, the incidental powers mentioned above; that the acts here involved are within such incidental powers.

"Appellee further contends that the avowed purpose of the 1918 Act being to place a national bank in an equal competitive position, if an Illinois state bank can serve outside its domicile as a fiduciary, then so, too, can a national bank domiciled in Illinois.

"Appellants rely heavily upon Boatmen's Nat. Bank of St. Louis v. Hughes, 1944, 385 Ill. 431, 53 N.E.2d 403, 405, 153 A.L.R. 402, in which case a national bank domiciled in Missouri sought to mandamus the auditor and secretary of state of Illinois to issue a certificate permitting it to do a trust business in Illinois. The Supreme Court of Illinois denied the writ. The following language of the opinion sustains the position of appellants:

" 'From a reading of section 11(k) of the Federal Reserve Act, it appears that the scope of the bank's trust activities seems to be limited to the locality in which the bank is authorized to do business.'

"However, this general statement was not the basis of the Court's decision. The bank's application sought to establish an 'office' in Springfield, Illinois; the Illinois statutes specifically forbade the establishment by any bank of a 'branch office;' and the laws of the United States, 12 U.S.C.A. § 36(c), specifically negatived any au-

thorization for a branch office. These were the basic reasons for the decision of the Illinois Court. There is no branch bank or office involved in the case before us and, therefore, a very different question is presented.

"Appellee cites State ex rel. Eaton v. Hirst, 1938, 53 Wyo. 163, 79 P.2d 489; State of Missouri ex rel. Burnes National Bank v. Duncan, 1924, 265 U.S. 17, 44 S.Ct. 427, 68 L.Ed. 881; and In re Turner's Estate, 1923, 277 Pa. 110, 120 A. 701. The first of these cases only sustained the right of a Nevada national bank as trustee under a mortgage on Wyoming real estate to redeem from a tax sale, holding that such act did not constitute 'doing business' in Wyoming. The second case involved only the right of a Missouri national bank to serve as an administrator in Missouri. In dealing with that problem, Mr. Justice Holmes made this general statement:

" '* * * national banks having the permit of the Federal Reserve Board may act as executors if trust companies competing with them have that power.' (265 U.S. 17, 44 S.Ct. 428.)

"In re Turner's Estate, supra, dealt with a similar problem confined to a single jurisdiction and in connection therewith, stated generally:

" '* * * Concede the existence of the right in the state banks and trust companies, and we have the same right bestowed upon national banks.' (277 Pa. 110, 120 A. 703.)

"These cases assist us no more than the Boatmen case.

"The only direct light thrown on the question is an advisory opinion of the Federal Reserve Board taken from the Fed.Res.Bul., July, 1921, p. 816, reading as follows:

" 'The Federal Reserve Board is of the opinion, therefore, that a national bank which has been granted permission to exercise fiduciary powers under the

provisions of section 11(k) may, without other authority, exercise the powers granted not only in the State the bank is located but also in any other State the laws of which do not expressly or by necessary implication prohibit the exercise of those powers by national banks located in other States. * * *'

"This advisory opinion, while not at all conclusive, is helpful. Appellants answer that the opinion was cited without effect in the Boatmen case upon which they rely, and the Federal Reserve Act prohibition against branch banks or offices was not then in existence. Both answers lose strength in view of the fact that we are not dealing with a branch bank or office.

"It is the conclusion of this Court that appellee, a national bank domiciled in Illinois, is authorized to act in a fiduciary capacity as ancillary administrator in New Mexico in this case. * * *"

From the foregoing authorities, it appears that a national bank domiciled in Tennessee has the same authority to act as a trustee as do competing Tennessee state banks, and in order to determine if such bank can act as trustee in Alabama, it is necessary to determine: (1) If the Tennessee law permits Tennessee state banks to act as trustee outside of Tennessee, and (2), if the Alabama law permits foreign banks to act as trustee in Alabama.

In the case at bar, appellee introduced in evidence a certified copy of Section 5936, Code of Tennessee 1932, which permits Tennessee banks to act as trustee where the situs of the trust is outside of Tennessee. Appellee also introduced a certificate granted by the Board of Governors of the Federal Reserve System which authorized the Hamilton National Bank to act in a fiduciary capacity.

Under the law of Alabama, by inference from Tit. 58, § 65, which provides that the courts may either remove the nonresident trustee or require him to give bond to protect the interest of the parties,

a nonresident is permitted to act as trustee of a trust, the corpus of which is situated in Alabama. Frye v. Community Chest of Birmingham and Jefferson County, 241 Ala. 591, 4 So.2d 140. A diligent search of the statutory and case law reveals no decision or enacted law which would prohibit a nonresident bank to act as a trustee in Alabama.

Under these circumstances, we must conclude that the Hamilton National Bank of Knoxville, Tennessee, was qualified to act as trustee of the trust in question, and that the decree of the circuit court should be, and is, affirmed.

Affirmed.

STAKELY and MERRILL, JJ., concur.

LAWSON, J., concurs in the result.