

# THE ATTORNEY GENERAL

## OF TEXAS

Austin 11, Texas

WILL WILSON
ATTORNEY GENERAL

October 24, 1962

Honorable P. Frank Lake
Secretary of State
Austin 11, Texas

Opinion No. WW-1463

Re: Whether the Secretary of State
should accept and file the appli-
cation of a foreign national bank
for a certificate of authority to
transact business in Texas under
the stated purpose clause.

Dear Mr. Lake:

You have requested the opinion of this office concerning your authority
to accept and file the application of a foreign national bank (the State National
Bank of Texarkana, Arkansas) for a certificate of authority to transact busi-
ness in Texas, for the following purpose or purposes, pursuant to the follow-
ing provisions of Article 1513a, V.C.S.:

"To act as trustee, executor, administrator, or guardian
when designated by any person, corporation, or court to do so,
and as agent for the performance of any lawful act including
the right to receive deposits made by agencies of the United
States of America for the authorized account of any individual."

While this precise question has not previously been passed on by this
office, Opinion No. WW-511, dated October 6, 1958, held that the Secretary
of State should not accept and file an application from a foreign state bank for
a certificate of authority to transact business in Texas by qualifying under
Article 1513a, because of the following provisions of Article 342-902 of the
Banking Code of 1943:

"It shall be unlawful for any person, corporation, firm,
partnership, association or common law trust:

"(1) To conduct a banking or trust business or to hold
out to the public that it is conducting a banking or trust
business; or

"(2) To use in its name, stationery or advertising, the
term 'bank,' 'bank and trust,' 'savings bank,' 'certificate of

deposit,' 'trust' or any other term or word calculated to deceive the public into the belief that such person, corporation, firm, partnership, association, common law trust, or other group of persons is engaged in the banking or trust business.

"Provided, however, that this Article shall not apply to (1) national banks;  (2) state banks;  (3) other corporations heretofore or hereafter organized under the laws of this state or of the United States to the extent that such corporations are authorized under their charter or the laws of this state or of the United States to conduct such business or to use such term; . . ." *

Opinion No. WW-511 further held that Article 1513a operates to override or repeal by implication those portions of Article 342-902 which would prohibit foreign companies from doing a trust business in Texas or from using in its name the word "trust," insofar as such foreign corporations are concerned.  This holding was based upon the basic purpose of Article 342-902 and its predecessors, which is to prevent the public from being deceived into believing that the entity involved was authorized by law to perform the activities indicated by its name.

We emphasize this reasoning by the following quotations from Opinion No. WW-511:

"We call attention to the language in Section 2 that it is unlawful for any person, etc., 'to use in its name. . .the term. . ."trust" or any other term or word calculated to deceive the public into the belief that such person (etc.). . . is engaged in the. . .trust business.'  We further call attention to the language of the emergency clause in Senate Bill 343 of the 1957 Legislature amending 342-902 as follows:

"'The fact that under existing law the people of this state are subject to misleading advertising and other deceitful practices calculated to deceive the public into the belief that certain unauthorized persons or

---

*Emphases throughout are supplied.

groups of persons are under the strict supervision of the State Banking Department, when in fact the protection afforded by strict supervision does not exist, creates an emergency. . .'

"It is apparent that the prohibition against using the name 'trust' is directly tied in with and a part of the prohibition against 'conducting' or to 'hold out . . . that it is conducting' a trust business. The evil legislated against in Section 2 of Article 342-902 was the deception to the public which occurred when a company used the name 'trust' in its title when in fact it was not entitled to engage in the trust business. That evil will not occur in the case of a foreign corporation obtaining a permit under the terms of [ Article 1513a] as such a corporation would be authorized to engage in the trust business and would not be deceiving the public by using the name 'trust' in its title."

By substituting the word "bank" for "trust" in the material just quoted, it becomes obvious that the same reasoning applies to prevent the use of the word "bank" by a foreign corporation not authorized to engage in the banking business in Texas. This result and the prohibition against it is succinctly expressed in the following paragraphs quoted from Opinion No. WW-511:

"[ Article 1513a] should be limited in its overriding effect to the subject matter above, there being no provision in [ Article 1513a] which would allow a foreign corporation to come into the State and do a banking business. The use of the term 'bank' in the title of such a corporation would be deceptive and would violate Article 342-902.

"In answer to your first question we hold that a foreign corporation with the name 'Bank' in its title may not obtain a permit to transact business in this State."

The applicant considered in this opinion, a foreign national bank, urges that Opinion No. WW-511 does not apply to it because of the exemptions contained in the second paragraph of Section 2 of Article 342-902, quoted above. We are of the opinion, however, that this contention is without merit for the reason that the exemptions there listed apply only to national banks and other corporations organized under the laws of the United States, which are located within the State of Texas, and do not purport to exempt foreign corporations

of this nature from the deceptive practices prohibition contained in Section 2 of Article 342-902. This is apparent from the following provisions of Articles 342-101 and 342-908:

> "This code provides a complete system of laws governing the organization, operation, supervision and liquidation of state banks, and to the extent indicated by the context, governing private banks and national banks domiciled in this State;"

> "It is not the intention of the Legislature in the enactment of this Code, to discriminate between state banks and national banks, and, to the extent that the State of Texas has power to legislate with reference to national banks, each provision of the Code shall apply alike to state banks and national banks domiciled in this State. Acts 1943, 48th Leg., p. 165, ch. 97, subch. IX, art. 8."

Obviously, the Legislature intended to exempt from the prohibition of Article 342-902 national banks and other corporations organized under the laws of the United States, domiciled in this State, having the right to exercise the powers indicated by their names; but, equally obvious is the conclusion that the Legislature intended to prohibit any corporation from using any word or any combination of words in its name which would tend to mislead the public into believing that the corporation was authorized by law to perform acts which it in fact did not have the power to perform in Texas.

Such an intent is supported by Opinion R-2076, dated June 8, 1950, which held that the Secretary of State was authorized to grant a charter to the Bank Investment Company, Inc. (organized under Article 1303b), since the use of such name would not indicate to the public that the corporation was conducting a banking business. Opinion No. R-2076 held that Article 342-902 should not be given a literal construction which would lead to absurd results, and gave the following examples of corporate names which might be in violation of the law under such a strict construction: Cut Bank Refining Company; Red Bank Refining Company of Illinois; Bankers Life Assurance Company; Bankers Life Company; and Dallas County Blood Bank. However, Opinion R-2076 concluded as follows:

> "This opinion is not to be construed as holding that a charter or permit may be granted by the Secretary of State to any corporation where the use of any of the forbidden words

in the corporate name would violate the provisions of Article 342-902 by enabling such corporation to hold itself out to the public as being engaged in a banking business. "

Since there is no provision of law which authorizes a foreign corporation to come into Texas and do a banking business, we are of the opinion that you are prohibited, by the terms of Article 342-902, from accepting and filing the application of a foreign national bank for a certificate of authority to transact business in Texas under the purpose clause of Article 1513a.

Although the foregoing is sufficient to require your refusal of the application, we desire to reply to the applicant's contention that, having been granted power to act as trustee, executor, administrator, guardian of estates and in other fiduciary capacities under 12 USCA 248(k), it may now come into Texas and conduct a trust business under Article 1513a. Title 12, USCA, Section 248(k), reads, in part, as follows:

"The Board of Governors of the Federal Reserve System shall be authorized and empowered:

"(k) To grant by special permit to national banks applying therefor, when not in contravention of state or local law, the right to act as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics, or in any other fiduciary capacity in which State banks, trust companies, or other corporations which come into competition with national banks are permitted to act under the laws of the State in which the national bank is located.

"Whenever the laws of such State authorize or permit the exercise of any or all of the foregoing powers by State banks, trust companies, or other corporations which compete with national banks, the granting to and the exercise of such powers by national banks shall not be deemed to be in contravention of State or local law within the meaning of this chapter. "

From a reading of this section, it is apparent that the grant by the Board of Governors is limited to the state "in which the national bank is located, " and

therefore, such a grant to a national bank located in Arkansas cannot support its attempt to conduct a trust business in Texas.  Boatmen's National Bank of St. Louis v. Hughes, 385 Ill. 431, 53 N.E. 2d 403, 153 ALR 402 (1936).

Since the applicant represents that it desires to act in a fiduciary capacity in the State of Texas, we direct its attention to Section 105a of the Texas Probate Code, (Acts 57th Leg., R.S., 1961, Ch. 31, p. 46).

## SUMMARY

The Secretary of State should not accept and file the application of a foreign national bank for a certificate of authority to transact a trust business in Texas under the terms of Article 1513a, V.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
Dudley D. McCalla
Assistant Attorney General

DDM:lmc

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
Bob E. Shannon
J. C. Davis
Arthur Sandlin

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore